IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GLENN T. TURNER,

                Plaintiff,

v.

GARY BOUGHTON, MARK KARTMAN,
HEIDI BROWN, MS. KROENING,
JONI SHANNON-SHARPE, MR. BROOKS,
SGT. WINGER, DR. SCHWENN,
and LEBBEUS BROWN,

                Defendants.

OPINION and ORDER

21-cv-716-jdp

---

Plaintiff Glenn T. Turner, appearing pro se, is a prisoner at Wisconsin Secure Program Facility. Turner alleges that in November 2020 he contracted COVID-19 after defendant prison officials unnecessarily forced him to participate in an in-person meeting with several staff members. Turner has not submitted the $402 filing fee for this case, so I infer that he seeks leave to proceed in forma pauperis with this case. But he has "struck out" under 28 U.S.C. § 1915(g), which means that he cannot obtain indigent status under § 1915 in any suit he files during the period of his incarceration, except for cases in which he alleges that he is in imminent danger of serious physical injury.

ALLEGATIONS OF FACT

Turner alleges that he has been held in segregation for at least ten years. He participates in the prison's "PACE" program in an effort to earn release from administrative confinement into general population. In November 2020, despite the spread of COVID-19 at the prison, defendant prison officials forced him to participate in an in-person group interview as part of

this program—Turner says that the room was crowded with seven or eight people. Turner tested positive for COVID-19 shortly after this meeting and he was severely ill for about ten days. Turner won a grievance about being forced to participate in the interview in person; the examiner noted that staffers had been directed not to hold in-person interviews.

Turner later had another PACE interview with safety protocols in place: staffers in the room were socially distanced and others participated by phone. Turner believes that these protocols should have been followed at the November 2020 meeting.

ANALYSIS

Turner appears to be seeking leave to proceed in forma pauperis in this case. But as stated above, he has "struck out" under 28 U.S.C. § 1915(g). This provision reads as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

On at least three prior occasions, Turner has brought actions that were dismissed because they were frivolous or malicious or they failed to state a claim upon which relief may be granted. *See Turner v. Boughton*, No. 17-cv-203-jdp, 2020 WL 1139833, at *1–2 (W.D. Wis. Mar. 9, 2020) (discussing Turner's three-strike status). Therefore, he cannot proceed in forma pauperis in this case unless I conclude that his allegations show that he is in imminent danger of serious physical injury.

To meet the imminent-danger requirement of 28 U.S.C. § 1915(g), a prisoner must allege a physical injury that is imminent or occurring at the time the complaint is filed and

show that the threat or prison condition causing the physical injury is "real and proximate." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Heimermann v. Litscher*, 337 F.3d 781 (7th Cir. 2003); *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). Turner doesn't meet the imminent-danger standard. He alleges that in November 2020, defendants consciously disregarded the risk of COVID-19 infection by holding a crowded in-person meeting despite directives not to do so. But that was an act of *past* harm. He states that a subsequent meeting was held using safety standards that should have been used the first time around, and he does not include any allegations that staff are currently disregarding safety instructions. Because he does not allege that he is currently at risk of harm, he is barred from proceeding in forma pauperis on his claims. I will dismiss this case without prejudice. If Turner pays the filing fee by the deadline set below, I will reopen the case.

## ORDER

IT IS ORDERED that:

1. Plaintiff Glenn T. Turner is DENIED leave to proceed in forma pauperis under 28 U.S.C. § 1915(g).

2. This case is DISMISSED without prejudice, subject to being reopened if Turner submits the remainder of the $402 filing fee for this case by December 9, 2021.

Entered November 17, 2021.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge