IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GLENN T. TURNER,

                       Plaintiff,

  v.

GARY BOUGHTON, MARK KARTMAN,
HEIDI BROWN, MS. KROENING,
JONI SHANNON-SHARPE, MR. BROOKS,
SGT. WINGER, DR. SCHWENN,
and LEBBEUS BROWN,

                       Defendants.

OPINION and ORDER

21-cv-716-jdp

---

      Plaintiff Glenn T. Turner, appearing pro se, is a prisoner at Wisconsin Secure Program Facility. Turner alleges that in November 2020 he contracted COVID-19 after defendant prison officials unnecessarily forced him to participate in an in-person meeting with several staff members. This opinion concerns Turner's motion to strike portions of defendants' answer and his motion to compel medical records regarding defendants' COVID status.

**A. Motion to strike affirmative defenses**

      Under Federal Rule of Civil Procedure 12(f), a court may strike from any pleading "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." But motions to strike are generally disfavored because they potentially serve only to delay. *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). A motion to strike should "not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense." *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir. 1991) (citation omitted).

Turner seeks to strike the following affirmative defenses raised by defendants: failure to exhaust administrative remedies, sovereign immunity, and qualified immunity.

The first two of these defenses have been mooted by the course of litigation. The exhaustion-based summary judgment deadline has already passed, and I take defendants to be saying that they have abandoned that defense. Also, in screening the complaint, I did not allow Turner to proceed on any claims that might be vulnerable to a sovereign immunity defense, such as a claim for damages directly against the state or against the defendants in their official capacities. I will deny these portions of Turner's motions as moot, although the result for him is essentially the same as if I had granted his motion on those defenses.

Turner also states that defendants cannot prevail on a qualified immunity defense because Eighth Amendment standards for "deliberate indifference" cases is already clearly established. Turner is correct the courts have broadly defined legal standards for Eighth Amendment cases. But that is not the relevant standard for a qualified immunity analysis, under which courts must not define "clearly established law" at a high level of generality. *White v. Pauly*, 580 U.S. 73, 79 (2017). Rather, "the clearly established law must be particularized to the facts of the case." *Id.* (internal quotation omitted). At the pleading stage of this case—where the facts concerning Turner's claims are not yet known for certain—I cannot say that a qualified immunity defense would fail simply because defendants are aware of how courts broadly analyze Eighth Amendment claims. So I will deny Turner's motion to strike defendants' qualified immunity defense.

B.  **Motion to compel discovery**

Turner has filed a motion asking the court to compel defendants to produce information about whether any of them tested positive for COVID-19 during a certain timeframe. He filed

2

a discovery request asking for "Any Covid test conducted on any and all of the named defendants which showed a positive test result during all times relevant to this [action] specifically between the [time] period of Jan 2020 to Nov. 2020 and from Nov. 1, 2020 through December 15th 2020." Dkt. 19-2. Defendants objected on the ground that their health information is confidential under Health Insurance Portability and Accountability Act (HIPAA) and Wisconsin law. Turner attempted to confer with defendants by offering alternatives: submitting the relevant medical records to the court to review in camera, or submit admissions explaining when any of them tested positive during the times he requested. Defendants stood by their objection that the material was confidential.

Turner contends that information about defendants' COVID-positive tests is relevant to his claims because he alleges that they violated prison COVID policy by forcing him to participate in an in-person meeting with some of them, which led to him contracting COVID. Defendants contend that HIPAA and Wisconsin law generally restrict the disclosure of medical information without a person's consent, the information Turner seeks is overly broad, and that positive-test information is ultimately irrelevant because it would be impossible for Turner to prove that he contracted COVID from any of them.

I will grant Turner's motion to compel in part. To start with, HIPAA and similar state laws do not automatically shield all healthcare information from discovery. HIPAA permits protected health information to be revealed in response to a discovery request if:

> The party seeking the information either notifies the patient (or at least makes a good faith effort to do so) or makes a "reasonable effort" to secure a qualified protective order, that is, an order that prohibits the use or disclosure of the information outside the litigation and requires the return or destruction of the information at the end of the litigation.

*Nw. Mem'l Hosp. v. Ashcroft*, 362 F.3d 923, 925–926 (7th Cir. 2004) (citing 45 C.F.R. § 164.512(e)(1)(v)). Turner hasn't proposed a protective order, but defendants don't object to the motion to the motion to compel on that basis, and in any event I wouldn't force a pro se party to craft the terms of a protective order when it would be much more efficient for opposing counsel to do so.

The real question is whether the information Turner seeks is relevant to his claims and proportional to the needs to the case. This case is about whether Turner contracted COVID at a November 17, 2020 in-person meeting with several of the defendants. Turner asks for medical information for virtually the entirety of 2020, and he seeks information from all the defendants, not just the defendants who he says were present at the meeting (Brooks, Brown, Kroenig, Shannon-Sharpe, Schwenn, and Winger). COVID results for defendants who were not present is irrelevant, as are results from months prior to or after the meeting. But the COVID status of Brooks, Brown, Kroenig, Shannon-Sharpe, Schwenn, and Winger on November 17, 2020 is relevant.

Defendants contend that this information is irrelevant to Turner's claims because it will be impossible for Turner to prove that any one of them caused his infection and they suggest that he should instead focus on defendants' adherence or lack thereof to prison safety protocols. I disagree. To succeed on his claims, Turner will have to show that his infection was caused by the in-person meeting. So the COVID status of the defendants or other persons present at the November 17, 2020 meeting is crucial to his claims. It may not be possible to directly prove the precise cause of a COVID infection, but circumstantial evidence—like defendants' COVID status and the other circumstances surrounding Turner's potential exposure—may be enough to prove causation.

Because our knowledge remains spotty about how contagious COVID can be before and after positive test results, I will give a little leeway to plaintiff on the relevant time period here. I will grant his motion to compel records of positive COVID results between October 15 and December 15, 2020, for the defendants present at the meeting. In responding to this order, defendants may first submit a proposed protective order governing their disclosures.

**C. Motion to amend schedule**

Turner has filed a motion to reset the schedule pending resolution of the above motions. Defendants do not oppose the motion. I will grant that motion and set the following new schedule:

- Dispositive Motions: March 28, 2023
- Submissions for the final pretrial conference: June 16, 2023
- Responses to those submissions: June 30, 2023
- Zoom final pretrial conference: July 14, 2023 at 10:00 a.m.
- Jury selection and trial: July 24, 2023

ORDER

IT IS ORDERED that:

1. Plaintiff Glenn T. Turner's motion to strike affirmative defenses, Dkt. 15, is DENIED.

2. Plaintiff's motion to compel discovery, Dkt. 19, is GRANTED in part, as explained in the opinion above.

3. Plaintiff's motion to amend the schedule, Dkt. 24, is GRANTED. The schedule is amended as set forth in the order above.

Entered February 10, 2023.

                              BY THE COURT:

                              /s/

                              _____
                              JAMES D. PETERSON
                              District Judge